|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| CLYDE J. THORNTON,<br><br>      Plaintiff,<br><br>    v.<br><br>ASHIR Y. ABDI, *et al.*,<br><br>      Defendants. | Case No. C01-1533L<br><br>ORDER REGARDING OUTSTANDING MOTIONS |

## I. INTRODUCTION

This matter comes before the Court on the motion to dismiss for lack of subject matter jurisdiction (Dkt. # 19) filed by defendant Alaska Airlines, the cross-motion to dismiss defendants Mr. and Mrs. Ashir Y. Abdi (the "Abdis") pursuant to Fed. R. Civ. P. 21 (Dkt. # 23) filed by plaintiff Clyde J. Thornton, and the motion to continue (Dkt. # 25) filed by Mr. Thornton. For the reasons set forth below, Alaska Airlines's motion to dismiss is granted, Mr. Thornton's motion to dismiss the Abdis is granted, Mr. Thornton's motion for a continuance is denied, and the complaint is dismissed.

## II. BACKGROUND

Mr. Thornton suffered personal injuries while at SeaTac International Airport. He filed this complaint against the Abdis, Alaska Airlines, Inc., and International Total Services, Inc. In both his original and amended complaint, Mr. Thornton asserts that he is a Washington resident

ORDER REGARDING OUTSTANDING
MOTIONS

1 and that this Court has subject matter jurisdiction based on the diversity of citizenship of the
2 parties under 28 U.S.C. § 1332.

3 Alaska Airlines filed a motion to dismiss asserting that diversity of citizenship does not
4 exist because it maintains a principle place of business in Seattle, Washington.  In response to
5 this motion, Mr. Thornton attempted to cure the jurisdictional defect by filing an amended
6 complaint that no longer named the Abdis or International Total Services, Inc. as defendants and
7 submitting a response and cross-motion requesting that the Court dismiss the Abdis.  In
8 response, Alaska Airlines noted that the dismissal of the other defendants from the complaint did
9 not cure the jurisdictional defect.  Mr. Thornton then filed a motion for a continuance requesting
10 more time to determine whether Alaska Airlines truly maintained its principle place of business
11 in Washington as it has averred.

## III. DISCUSSION

**A.     The Motion to Dismiss the Abdis.**

14  Mr. Thornton's unopposed motion to dismiss the Abdis as defendants in this case is
15 granted.

**B.     Alaska Airlines's Motion to Dismiss.**

17  28 U.S.C. § 1332(a) states that

> The district courts shall have original jurisdiction of all civil actions where the
> matter in controversy exceeds the sum or value of $75,000, exclusive of interest
> and costs, and is between–
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state
> are additional parties; and
> (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

Id. A corporation such as Alaska Airlines is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." Id. at § 1332(c).

The initial presumption is that a case lies outside the jurisdiction of a federal court, and Mr. Thornton has the burden of overcoming that presumption.  See Kokkonen v. Guardian Life

ORDER REGARDING OUTSTANDING
MOTIONS

Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Mr. Thornton has not met his burden.  Alaska Airlines is incorporated in the state of Alaska, but has asserted that its principal place of business is in Washington state.  In particular, it states that its corporate headquarters, crew training facilities, principal maintenance facilities, main reservation facility, and principal flight operations hub are located in Washington state.  See Dkt. # 20, Decl. of Thomas R. O'Grady.  In addition, Alaska Airlines has provided evidence to show that its flight operations from its Seattle hub exceed the total flight operations of the next three largest hubs combined.  (Dkt. # 28, Reply to Motion to Continue, Ex. A).  Mr. Thornton has presented no evidence to counter the information provided by Alaska Airlines.

Whether applying a "place of operations" test, or a "nerve center" test,[1] this evidence is sufficient to show that Alaska Airlines's principal place of business is in Washington state.  See Egan v. American Airlines, 324 F.2d 565, 565-66 (2nd Cir. 1963) (airline's principal place of business where "general and over-all management and business policy is prescribed" and where it "conducts a substantial operation").  Because this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332, the claims against Alaska Airlines must be dismissed.[2]

---

[1] "[T]he 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. . . . [T]he 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed."  Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and quotations omitted).

[2] This case was originally filed in federal district court.  As a result, this Court cannot remand the case to state court under 28 U.S.C. § 1447, but must dismiss it without prejudice.  Because this Court lacks subject matter jurisdiction, it renders no opinion regarding the tolling of any statute of limitations defense that may be raised in a subsequent state court proceeding.  See Lee v. Am. Natl. Ins. Co., 260 F.3d 997, 1006 (9th Cir. 2001) ("Whether the statute of limitations on a state-law cause of action is tolled . . . is, of course, a matter of state law").

ORDER REGARDING OUTSTANDING
MOTIONS

1 **C.    The Motion to Continue.**

2     Mr. Thornton has requested that this court continue the motion to dismiss so that he may
3 obtain evidence that a state other than Washington is actually the principal place of business of
4 Alaska Airlines.  This Court has the option to defer ruling on the diversity issue until trial.  See
5 Fed. R. Civ. P. 12(d)(1).  Continuing the motion to dismiss and deferring the issue is not
6 appropriate under the circumstances, however.  The evidence presented by Alaska Airlines is
7 conclusive and without dispute.  There is no indication that a fair analysis of the factors
8 necessary for determining a principal place of business requires a more complete factual context.

## IV. CONCLUSION

10     For all of the reasons set forth above, the cross-motion to dismiss defendants Mr. and
11 Mrs. Ashir Y. Abdi (Dkt. # 23) filed by plaintiff is GRANTED.  The motion to dismiss
12 defendant Alaska Airlines for lack of subject matter jurisdiction (Dkt. # 19) is GRANTED.
13 Finally, plaintiff's motion to continue (Dkt. # 25) is DENIED.  Because this Court lacks subject
14 matter jurisdiction over the only remaining defendant, this case is DISMISSED without
15 prejudice.

17     DATED this 19th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING OUTSTANDING
MOTIONS